In re Peter G. OSBORNE, Debtor.

Deutsche Financial Services Corporation, formerly ITT Commercial Finance, a Nevada corporation, Plaintiff,

v.

Peter G. Osborne, an individual, Defendant.

Bankruptcy No. 99–48615.
Adversary No. 00–01117–EC.

United States Bankruptcy Court,
C.D. California,
Los Angeles Division.

Dec. 28, 2000.

See also 257 B.R. 14.

Martin R. Anderson, Glendale, CA, for debtor.

James Leonard Brown, Los Angeles, CA, trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this adversary proceeding, after the court entered judgment for the defendant/debtor on plaintiff's Deutsche Financial Services, Inc.'s ("DFS") non-dischargeability complaint filed under 11 U.S.C. § 523(a)(2)(B), the defendant lodged his bill of costs and filed a separate motion for award of attorney's fees in the amount of $17,529.50 for successfully defending against the false financial statement complaint. In this court's order denying plaintiff relief, the court found that the debtor has made a materially false financial statement with the intent to deceive plaintiff in extending creditor to the debtor, but that the plaintiff did not reasonably rely on such statement, and thus failed to prove one essential element under § 523(a)(2)(B).

Defendant/debtor's argument on the fee request centers on the personal guaranty language given by the debtor to plaintiff as part of the financing package approved by the plaintiff to debtor's wholly-owned company Automotive Distributing for the Farwest ("Farwest"). The pertinent language of the guaranty cited in debtor's motion is: "We [debtor] will pay you [DFS] on demand the full amount of all sums owed by Dealer [Farwest] to you [DFS] together with all costs and expenses (including without limitation, reasonable attorneys' fees)."

Farwest filed for chapter 11 relief and subsequently Osborne filed a chapter 7 bankruptcy petition, from which this adversary proceeding flowed. Prior to the debtor's bankruptcy filing, the claim of DFS proceeded to binding arbitration, and

Osborne's personal liability was fixed by the arbitrator, and affirmed by the United States District Court, in the sum of $2,984,021.10 plus attorneys' fees of $2,500. That judgment is now subject to discharge as a result of Osborne's chapter 7 petition and the court's decision in this adversary proceeding.

Debtor's request for an award of attorneys' fees is based on the language quoted above from the guaranty, Cal. Code of Civ.Pro. section 1717,[1] *In re Hung Tan Pham,* 250 B.R. 93 (9th Cir. BAP 2000); *Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), and *Santisas v. Goodin,* 17 Cal.4th 599, 608, 71 Cal.Rptr.2d 830, 836, 951 P.2d 399 (1998). Debtor's theory from these authorities is that a creditor is allowed an award of attorney's fees as the prevailing party when successfully prosecuting a § 523(a)(2) complaint to judgment where such fees are allowable either under state law or by contract. The debtor now asserts a reciprocal right where the debtor wins the action.

■ In discussing and summarizing the applicable authorities cited above, both pre- and post-*Cohen* (all of which involved awards of fees to creditors who successfully prosecuted to judgment a non-dischargeable debt), *Hung Tan Pham,* states: "We agree that, after *Cohen,* the determinative question in cases under § 523(a)(2) is whether the successful plaintiff could recover attorney's fees in a non-bankruptcy court." 250 B.R. at 99.

*Cohen* holds:

In short, the text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that "any debt ... for money, property, services, or ... credit, to the extent obtained by" fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor.

523 U.S. at 223, 118 S.Ct. at 1219.

■ In sum, the holdings of these cases are designed to make the creditor whole for all damages allowable under state law or contract arising out of the debtor's fraud. As stated in *Merchants Nat'l Bank of Winona v. Moen (In re Moen),* 238 B.R. 785, 795 (8th Cir. BAP 1999), cited in *Pham, id.* at 98: "The Eighth Circuit Court of Appeals has ruled that attorney's fees provided by contract can become part of the nondischargeable debt under section 523(a)(2)(A)." 238 B.R. at 795. (Other citations omitted).

Defendant/debtor in the pending action now seeks to flip the coin to his side under the "prevailing party" theory so as to grant the winning debtor the same benefit given to the winning creditor in a non-dischargeability action under § 523(a)(2)(A) or (B). This position would adopt the so-called "mutuality of remedy" doctrine under contract law and Cal. Civil Code § 1717.

*See, Santisas v. Goodin,* 71 Cal.Rptr.2d 830, 951 P.2d at 406–07.

■ For the reasons now stated, I reject the debtor's argument on several grounds. First, and foremost, Congress has specifically usurped the state law "mutuality of remedy" doctrine in § 523(d)[2], a

---

1. Section 1717 reads: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

2. Section 523(d) reads: "If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds

fee-shifting statute which applies only in consumer debt cases. This exception to the American Rule, discussed hereafter, allowing an award of fees solely involving a "consumer debt", which is defined in § 101(8) of the Code as a "debt incurred by an individual primarily for a personal, family, or household purpose." In this case, the debt was specifically found to be a commercial debt arising out of a credit facility to Farwest to re-finance the business operation.

Since Congress has specifically limited fee-shifting to consumer cases only, thereby excluding commercial debt by the express language of § 523(d), it necessarily follows the debtor's present fee request is prohibited under § 523(d). 4 Lawrence P. King, *Collier on Bankruptcy*, ¶ 523.08[8], pp. 523–59 (15th ed.1997) states the policy reason for including § 523(d) in the Code, and indeed as a subsection of § 523:

> Section 523(d) provides for attorney's fee shifting in favor of the debtor in certain circumstances in dischargeability litigation under section 523(a)(2). In the absence of section 523(d), the threat of litigation over the discharge exceptions of section 523(a)(2) and the attendant costs of litigation could induce debtors to settle for a reduced sum.... To balance the scales, Congress enacted section 523(d). The purpose is to discourage creditors from bringing objectively weak false financial statement exception litigation in the hopes of extracting a settlement from a debtor anxious to avoid paying attorney's fees to defend the action.

****

Section 523(d) applies only to *consumer debts* under section 523(a)(2). It has no applicability to any of the other exceptions to discharge found in section 523(a). Nor does it apply to the exception of section 523(a)(2) unless the debt is a "consumer debt," defined in section

101 to mean a "debt incurred by an individual primarily for a personal family or household purpose." (Emphasis in text).

■ As noted in the dissent of *In re Century Cleaning Services, Inc.*, 195 F.3d 1053, 1065 (9th Cir.1999): "Nonetheless, bankruptcy law is code-driven. When Congress makes a policy decision, the debate is concluded."

■ *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030 103 L.Ed.2d 290 (1989) adds:

> Initially, it is worth recalling that Congress worked on the formulation of the Code for nearly a decade. It was intended to modernize the bankruptcy laws, see H.R.Rep. No. 95–595, p. 3 (1977) U.S.Code Cong. & Admin.News 1978 pp. 5787, 5963, 5964 (Report), and as a result made significant changes in both the substantive and procedural laws of bankruptcy. *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 52–53, 102 S.Ct. 2858, 2861–2862, 73 L.Ed.2d 598 (1982) (plurality opinion).

****

The task of resolving the dispute over the meaning of § 506(b) begins where all such inquiries must begin: with the language of the statute itself. *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985). In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).

■ *Natural Resources Defense Council v. United States Environmental Protection Agency*, 915 F.2d 1314, 1321 (9th Cir.1990) affirms that "[t]he ordinary

that the position of the creditor was not substantially justified, except that the court shall

not award such costs and fees if special circumstances would make the award unjust."

presumption is that Congress' drafting of the text is deliberate." *Commissioner of Internal Revenue v. Asphalt Products Co., Inc.*, 482 U.S. 117, 121, 107 S.Ct. 2275, 2278, 96 L.Ed.2d 97 (1987) further teaches: "Judicial perception that a particular result would be unreasonable may enter into the construction of ambiguous provisions, but cannot justify disregard of what Congress has plainly and intentionally provided."

■■■■ In interpreting a statute, all parts thereof should be read *in pari materia* and every part thereof given effect. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach et al.*, 523 U.S. 26, 35, 118 S.Ct. 956, 962, 140 L.Ed.2d 62 (1998); *Kelly v. Robinson*, 479 U.S. 36, 43–44, 107 S.Ct. 353, 357–58, 93 L.Ed.2d 216 (1986). A court has the duty to harmonize all provisions of a statute so that the various provisions of a single act or code should be so read that all provisions have and are given effect, avoiding absurd of impractical results, but adopting consistency. *Helvering v. Credit Alliance Corp.*, 316 U.S. 107, 112, 62 S.Ct. 989, 992, 86 L.Ed. 1307 (1942). Following these judicial pronouncements, it is clear from § 523(d) that Congress provided for only one category of awarding fees to debtor's counsel when the debtor successfully defended a non-dischargeability complaint. That category—consumer debt cases—does not apply to the debtor's fee request in this case.

■■■■ Further, as held in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561–62, 106 S.Ct. 3088, 3096 92 L.Ed.2d 439 (1986):

It is well established that, under the "American Rule," "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). There are exceptions to this principle, the major one being congressional authorization for the courts to require one party to award attorney's fees to the other.

Footnote 6 at 561 recognizes three other exceptions (wilful violation of a court order, bad faith or oppressive conduct, and "common fund" award) none of which apply here. 478 U.S. at 562, 106 S.Ct. at 3096. As *Alyeska Pipeline* concludes:

What Congress has done, however, while fully recognizing and accepting the general rule, is to make specific and explicit provisions for the allowance of attorneys' fees under selected statutes granting or protecting various federal rights. These statutory allowances are now available in a variety of circumstances, but they also differ considerably among themselves.

\*\*\*\*

Under this scheme of things, it is apparent that the circumstances under which attorneys' fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine.

421 U.S. at 260–62, 95 S.Ct. at 1623–24.

Under § 523(d), the defendant's fee request, being the only federal statute from which defendant can possibly seek appropriate fees, the defendant is foreclosed by explicit congressional determination of when the debtor may collect attorney's fees from the losing party.

Second, the holdings of *Cohen, Pham, Moen, In re Lutgen*, 1999 WL 222605 (W.D.N.Y.), and other cases discussed in *Pham* involve successful creditor non-dischargeability judgments, where the term "debt" in § 523(a) was expansively defined by *Cohen* to include all of the creditor's damages allowed by state law, including treble or punitive damages and attorney's fees, so as not to allow the debtor to "discharge any liability for losses caused by his fraud in excess of the amount he initially received, leaving the creditor far short of being made whole." 523 U.S. at 223, 118 S.Ct. at 1218.

Here, the debtor won a judgment which discharged him from over a $2.9 million dollar debt. This situation is vitally different from a case where the creditor wins the non-dischargeability action and is entitled to be made whole. *Cohen* and *Pham* do not discuss § 523(d) because that code section simply was not involved under the facts of those cases. In short, the debtor here cannot rely on *Cohen* or *Pham* to climb into the shoes of creditors under so-called reciprocal rights so as to enjoy the creditor's benefits where Congress has explicitly legislated on the subject. In sum, *Cohen* and its progeny are not authority for fee-shifting in favor of a successful debtor in a non-dischargeability action.

Third, even under *Santisas v. Goodin,* which *Pham* claims undermines *Baroff* (*In re Baroff,* 105 F.3d 439 (9th Cir.1997)) and *Hashemi* (*In re Hashemi,* 104 F.3d 1122 (9th Cir.1996)), the debtor cannot recover under the facts here because, (1) this non-dischargeability case was not a breach of contract case in any form whatsoever and (2) the attorney fee language of the guaranty does not apply to a legal action. *Santisas* specifically holds that for section 1717 to apply, there must be an agreement to recover attorney's fees in either the breach of contract action or tort action. 17 Cal.4th at 608, 71 Cal.Rptr.2d at 836, 951 P.2d 399. Here, the guaranty agreement only includes a reasonable attorney's fee upon a "demand" for "the full amount of all sums owed by" Farwest. That demand went to arbitration, the amount was fixed and was never an issue in the pending adversary proceeding. Therefore, *Santisas*'s holding "that the seller defendants are entitled under the attorney fee

provision of the purchase agreement to recover as costs the amount they incurred in attorneys fees to defend the tort claims asserted against them in this action and that section 1717 does not bar recover of those fees" simply does not apply. *Santisas* involved an explicit attorney's fee clause reciting: "In the event legal action is instituted by the Brokers, or any party to this agreement, or arising out of the execution of this agreement on the sale, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is brought." This contractual provision is vitally different from the "demand" language in the guaranty, where the terms "legal action", "prevailing party" and "court" determination of fees are conspicuously absent. Thus, under *Santisas* or *Pham,* there is no state law or contract basis to award the debtor fees.[3]

For all the reasons cited above, the debtor has not shown that he is entitled to an award of attorney's fees under any applicable state law or contract provision, and even if such provision were applicable, the debtor is foreclosed from an award of attorney's fees under § 523(d) because Congress has specifically legislated on the matter of a debtor's recovery under § 523(a) and the debtor here does not fall within the preferred class of debtors.

IT IS ORDERED the debtor's motion for an award of attorney's fees is denied.

---

**3.** *In re Fobian,* 951 F.2d 1149 (9th Cir.1991) holds that even given state law or contract provisions allowing attorney's fees to a prevailing creditor (*Fobian* involved a Chapter 12 confirmation case), where the litigated issues involve not basis contract enforcement questions, but issues peculiar to federal bankruptcy law (sections 506 and 1225 of the Code) "attorney's fees will not be awarded absent bad faith or harassment by the losing party." 951 F.2d at 1153. *Fobian* cites *Collingwood* *Grain, Inc. v. Coast Trading Co. (In re Coast Trading Co.),* 744 F.2d 686, 693 (9th Cir.1984) allowing a creditor an award of attorney's fees in bankruptcy proceedings when the award is governed by state law or contract. But *Fobian* limits *Coast Trading* where the litigated issues involve not basic contract enforcement questions, but issues under the Bankruptcy Code. *Cohen* does not affect *Fobian* in cases involving non–523(a) issues and *Fobian* has no application here.