In re Sheldon BAROFF, Debtor.

Heritage FORD; Thomas Smart; Walter Meador, Plaintiffs–Appellees,

v.

Sheldon BAROFF, Defendant–Appellant.

No. 95–17269.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1996.

Decided Jan. 13, 1997.

Michael Dietrick, Law Offices of Michael Dietrick, San Rafael, California, for the defendant-appellant.

William W. Nolan, J. Russell Cunningham, Barry H. Spitzer, Desmond, Miller & Desmond, Sacramento, California, for the plaintiffs-appellees.

Before WOOD, Jr.,* SCHROEDER, and HALL, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge:

Plaintiffs–Appellees, certain creditors and former business partners of Sheldon Baroff ("Baroff"), the debtor, filed an action under Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, contending that their claims against the debtor were nondischargeable because the debtor had obtained the loans by fraud and because Baroff committed fraud while acting in a fiduciary capacity. Baroff successfully defended the nondischargeability action in part on the grounds that a settlement agreement between the parties precluded proof of the allegedly fraudulent loans.

Baroff filed a motion for attorney fees, relying on a clause in the settlement agreement which provided that the losing party would pay the prevailing party's attorney fees in an action to enforce the agreement. The bankruptcy court denied Baroff's motion, and the district court affirmed. Baroff appeals. We reverse and remand.

## I.

Baroff and an associate entered into an agreement to purchase 80% of the stock of plaintiffs-appellees', Smart's and Meador's, car dealership. After a dispute over the dealership's financial condition, the parties entered into a settlement agreement entitled "Addendum to Stock Purchase Agreement" ("the settlement agreement").

The settlement agreement obligated Baroff to pay Ford Motor Credit Company $100,000 for application toward the dealership's debt with Ford and to liquidate the dealership's assets to further reduce its debt to Ford. In return the plaintiffs-appellees agreed to cancel the amount that Baroff still owed them on the original stock purchase and to transfer all of the remaining shares in the dealership to Baroff. Both parties also agreed to release each other from any future known or unknown claims. The settlement agreement further provided that if one of the parties to the agreement brought an action to enforce the agreement against any other party, the losing party would pay the prevailing party's attorney fees.

After Baroff was unable to save the dealership, he filed a Chapter 7 bankruptcy petition. Despite the obligations and release contained in the settlement agreement, the plaintiffs-appellees filed a nondischargeability action under Section 523 of the Bankruptcy Code. They contended that Baroff induced them to enter into the settlement agreement by fraudulently representing in oral agreements that he would pay off some of the dealership's other debts and would contribute an additional $100,000–$200,000 to recapitalize the dealership, and that Baroff committed fraud or defalcation while acting in a fiduciary capacity.

_____

\* The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sit-  ting by designation.

The bankruptcy court granted summary judgment to Baroff under both theories of liability. With respect to the fraudulent inducement claim, the court found that the settlement agreement was an integrated document under California law and that, therefore, California law precluded the plaintiffs-appellees from introducing extrinsic evidence of any prior oral agreements. As such, the court dismissed the plaintiffs-appellees' complaint.

Baroff filed a motion for attorney fees contending that because the bankruptcy court based its summary judgment opinion on California law, the court should apply a California statute upholding attorney fees clauses and enforce the attorney fees clause in the settlement agreement. The bankruptcy court denied Baroff's motion for attorney fees. Baroff appealed to the United States District Court for the Northern District of California, and the district court affirmed.

## II.

### A.

We review a district court's decision on appeal from a bankruptcy court order *de novo,* and we therefore apply the same standard of review to the bankruptcy court findings as the district court. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1166 (9th Cir.1990). We will not disturb a bankruptcy court's attorney fee determination unless the bankruptcy court abused its discretion or erroneously applied the law. *Law Offices of Ivan W. Halperin v. Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.),* 40 F.3d 1059, 1062 (9th Cir.1994).

### B.

No general right to attorney fees exists under the Bankruptcy Code. However, a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings. *See Johnson v. Righetti (In re Johnson),* 756 F.2d 738, 741 (9th Cir.1985); *Collingwood Grain v. Coast Trading Co. (In re Coast Trading Co.),* 744 F.2d 686, 693 (9th Cir.1984). Because state law necessarily controls an action on a contract, a party to such an action is entitled to an award of fees if the contract provides for an award and state law authorizes fee shifting agreements. *In re Johnson,* 756 F.2d at 741.

For example, in *Christison v. Norm Ross Co. (In re Eastview Estates II),* 713 F.2d 443, 451 (9th Cir.1983), we awarded attorney fees to a bankruptcy estate in an allowability action because we applied state contract law in denying the disputed claims. Under the relevant provision of the Bankruptcy Code, allowability turned on whether the disputed claims were enforceable under applicable state law. *Id.* at 447. To determine whether the claims were enforceable, we had to construe a written commission agreement between the claimant-real estate brokers and the bankrupt sellers. That agreement also contained an attorney fees provision. *Id.* at 448, 451. Because we construed the agreement pursuant to California law in resolving the substantive dispute and because California law authorized parties to contract for the payment of attorney fees, we awarded the estate its attorney fees pursuant to the clause in the commission agreement. *Id.* at 451–52.

On the other hand, in *Fobian v. Western Farm Credit Bank (In re Fobian),* 951 F.2d 1149, 1153 (9th Cir.1991), we refused to award attorney fees despite an express contractual provision because the substantive litigation raised federal bankruptcy law issues rather than "basic contract enforcement questions." *Id.* at 1153. In *Fobian,* the creditor held a promissory note secured by the debtor's land, and the promissory note contained an attorney fees provision. *Id.* at 1150, 1153. However, the creditor objected to the debtor's Chapter 12 re-organization plan on the grounds that the plan failed to protect the unsecured portion of the creditor's loan and that it failed to comply with certain requirements under the bankruptcy statute. *Id.* at 1151. In resolving the substantive dispute, the court addressed federal bankruptcy law issues but did not determine whether or not the note was enforceable. *Id.* at 1153. Therefore, we held that the creditor

could not recover attorney fees under the contract. *Id.*

Similarly, in *In re Johnson,* 756 F.2d at 740–41, we refused to award attorney fees pursuant to California law and a contractual provision because the underlying stay litigation raised federal statutory issues rather than issues relating to the contract. In reaching this holding, we noted that stay litigation is limited to three issues and that these issues did not include the validity of the contract. *Id.* at 740. Because the parties did not litigate the validity of the contract, we reasoned that the bankruptcy court did not apply state law governing contractual relationships in resolving the substantive issue. *Id.* Instead, we determined that federal law governed the substantive dispute and that, therefore, federal law should govern the awarding of attorney fees. *Id.* at 741. Since no federal statute authorized an award of attorney fees, we held that the debtor was not entitled to recover his attorney fees. *Id.*

■ Here, the bankruptcy court indisputably applied California contract law in granting summary judgment. In its opinion granting summary judgment, the bankruptcy court concluded that the settlement agreement was an integrated document under California law and that, as such, the California Statute of Frauds precluded proof of the oral debts that the appellees sought to recover. Therefore, the court granted Baroff summary judgment on the fraudulent inducement count.

Accordingly, the bankruptcy court should have applied California law in its disposition of Baroff's motion for fees. *In re Johnson,* 756 F.2d at 741. If the clause in the settlement agreement was enforceable under California law, the court should have awarded Baroff his fees pursuant to that provision.

Plaintiffs–Appellees argue that despite the bankruptcy court's reliance on state contract law in granting summary judgment, the nondischargeability action was not an action on the contract and that our decision in *Grove v. Fulwiler (In re Fulwiler),* 624 F.2d 908 (9th Cir.1980), precludes an award of attorney fees here. In *Fulwiler,* we held that a nondischargeability action was "a purely federal cause of action designed to implement the policies of the former Bankruptcy Act," 624 F.2d at 910, and that, as such, a prevailing party in a nondischargeability action could not recover his attorney fees based on state law and a written contractual provision. There, the promissory note evidencing the disputed claim also contained an attorney fees provision. However, that note was collateral to the nondischargeability proceeding. The bankruptcy court did not adjudicate the validity of the note in determining whether the debt was dischargeable. Rather, the court determined that the debtors obtained the loan evidenced by the note through fraud. *Id.* at 909–910.

Here, on the other hand, the document containing the attorney fees clause is a settlement agreement purporting to release the parties from all other claims, including the disputed debts. As such, the bankruptcy court needed to determine the enforceability of the settlement agreement to determine dischargeability. Unlike the note in *Fulwiler,* the document containing the attorney fees clause in this case played an integral role in the proceedings. Therefore, this action was an action on that contract raising state contract law issues, and the court should have applied state law in determining whether to award attorney fees under the contract. *See Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1340–41 (9th Cir.1986) (motion to vacate an arbitration award was an action on the contract for the purpose of awarding attorney fees under the contract because the underlying contract played an integral role in the initial motion to compel arbitration).

C.

■ The California Civil Code authorizes an award of attorney fees "in any action on a contract" where the contract "specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded...." Cal. Civ.Code § 1717(a) (West 1996). Although Section 1717 limits the court's ability to enforce an attorney fees clause to "any action on the contract," California courts liberally construe "on a contract" to extend to any action "[a]s long as an

action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit...." *Milman v. Shukhat,* 22 Cal.App.4th 538, 27 Cal.Rptr.2d 526, 529–30 (1994).

Here, the parties expressly agreed in the settlement agreement that the prevailing party in an action to enforce the agreement should recover his attorney fees. Moreover, for the reasons discussed above, the nondischargeability proceeding was an action on the contract. Therefore, the bankruptcy court should have awarded Baroff his reasonable attorney fees pursuant to the settlement agreement and Section 1717.

Plaintiffs–Appellees maintain that Baroff should not recover his attorney fees because the nondischargeability action was an action for fraud. Under California law, a tort action for fraud arising out of a contract is not an action on a contract within the meaning of Section 1717. *Stout v. Turney,* 22 Cal.3d 718, 150 Cal.Rptr. 637, 643–44, 586 P.2d 1228, 1235 (1978). However, as one California appellate court has explained, the *Stout* doctrine is limited to an action seeking money damages for fraud. *Star Pacific Inv., Inc. v. Oro Hills Ranch, Inc.,* 121 Cal.App.3d 447, 176 Cal.Rptr. 546, 554 (1981). An action to avoid or rescind an agreement because of fraudulent inducement, on the other hand, is an action on a contract within the meaning of Section 1717. *Id.*

Here, plaintiffs-appellees sought a declaration that the alleged oral debts are not dischargeable in bankruptcy. Such relief is not akin to money damages for fraud. Rather, the declaration effectively would have avoided or rescinded the release in the settlement agreement. Therefore, the nondischargeability action did not fall under the *Stout* prohibition, and Baroff should be entitled to attorney fees under the agreement.

### III. CONCLUSION

For the reasons discussed above, we hold that Baroff is entitled to the attorney fees he incurred in defending the plaintiffs-appellees' fraudulent inducement count. Therefore, we remand this case to the district court for a determination of the appropriate amount of attorney fees recoverable on this count. In so doing, we remind the district court and the bankruptcy court that the order granting summary judgment against the plaintiffs-appellees on their fiduciary capacity count rests on federal bankruptcy law grounds. Baroff therefore is not entitled to recover the attorney fees he incurred in defending this count. *See Krommenhoek v. A–Mark Precious Metals, Inc. (In re Bybee),* 945 F.2d 309, 316 (9th Cir.1991). The courts below should limit Baroff's award to those attorney fees that he incurred in defense of the fraudulent inducement count alone.

REVERSED and REMANDED.