In re HUNG TAN PHAM, Debtor.

**AT & T Universal Card Services, Corp., Appellant,**

v.

**Hung Tan Pham, Appellee.**

**BAP No. EC–98–1845BMaR.**
**Bankruptcy No. 98–22266–C–7.**
**Adversary No. 98–2300.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 21, 1999.

Filed Feb. 22, 2000.

Amended Opinion Filed June 13, 2000.

Anne L. Keck, Ahern & Keck, Santa Rosa, CA, for AT & T Universal Card Services.

Before BRANDT, RUSSELL, and MARLAR, Bankruptcy Judges.

## AMENDED OPINION

BRANDT, Bankruptcy Judge.

Debtor/Defendant Hung Tam Pham (Pham) entered into two cardmember agreements with appellant, AT & T Universal Card Services Corporation. Pham made no payments on either account, and exceeded his credit limits by writing payment checks on insufficient funds, and then using the accounts in the interval before the credits for those checks were reversed.

The bankruptcy court found AT & T's claim nondischargeable under § 523(a)(2)(A),[1] and entered a default judgment in its favor. AT & T also sought attorney's fees based on a provision in the cardmember agreements, asserting that *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), mandates an award of attorney's fees for actions brought under § 523(a)(2)(A). The

---

1. Absent contrary indication, all chapter and section references are to the Bankruptcy Code, 11 U.S.C., and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

bankruptcy court denied the request, and AT & T timely appealed.

We VACATE and REMAND.

## I. FACTS

In September of 1994, Pham entered into a cardmember agreement with AT & T with a $1,500 credit limit (Account A). Shortly before filing his bankruptcy petition, Pham submitted checks in the amount of $2,900, purportedly to pay off the balance owing to AT & T on Account A. The checks were processed, but returned for insufficient funds. Pham obtained credit beyond the limit before the checks were returned, and the balance on Account A was $3,366.52 on the petition date.

In December of 1994, Pham entered into a second cardmember agreement with AT & T, also with a credit limit of $1,500 (Account B). Pham again used the administrative delay to obtain credit beyond the limit by writing a check on insufficient funds to "pay" the balance. The balance on Account B was $3,296.31 on the petition date.

Paragraph 14 of the cardmember agreements is headed "Default and Collection Costs." It states, in pertinent part:

> You will be in default if you fail to comply with any of the terms of this Agreement, fail to meet any of your other obligations when due, or upon your death or insolvency, or if you provided false information to obtain this Account. If you are in default, we may demand immediate payment and you agree to pay the full balance owed on your Account ... If you are in default and fail to pay any amounts you owe, you will be liable for our costs of collection and, if we refer this claim to an attorney for collection, you will be liable for any reasonable attorney's fees we incur, plus the costs and expenses of any legal action.

On 26 November 1997, Pham filed for chapter 7 relief, listing thirty credit card account debts totaling more than $99,000, including $1,603 on Account A and $1,640 on Account B. At the time of filing, Pham's income was less than $15,000 per year, and he was unemployed.

AT & T filed a Complaint to Determine Dischargeability of Debt (the Complaint) pursuant to § 523(a)(2)(A), which provides:

> § 523. Exceptions to discharge.
>
> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt...
>
> > (2) for money, property or services, or an extension, renewal, or refinancing or credit, to the extent obtained by—
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ....

The Complaint alleged that Pham used actual fraud and false pretenses to obtain credit. Paragraph 15 contained a very general request for attorney's fees; the Complaint did not state breach of contract as a ground for relief.

Pham did not answer, nor did he appear at the default prove-up hearing. On the undisputed facts alleged by AT & T, the bankruptcy court awarded damages to AT & T in the amount of $6,662.83, costs of $150, and determined the debt nondischargeable under § 523(a)(2)(A) (the "Default Judgment"). The bankruptcy court made no explicit finding that Pham had breached either agreement.

AT & T asked the bankruptcy court to include an award for attorney's fees of $2,050, pursuant to paragraph 14 of the cardmember agreements and California Civil Code ("CCC") § 1717. The bankruptcy judge apportioned the entire judgment to the nondischargeability action, and denied the request for an award of attorney's fees.

The Default Judgment was entered on 9 November 1998. AT & T timely appeals from the bankruptcy court's denial of the

award of attorney's fees in the Default Judgment. Pham neither filed a brief nor appeared for oral argument.

## II. ISSUES

Whether the bankruptcy court erred in:

A. apportioning 100% of the attorney's fees to the nondischargeability action of the Complaint; and

B. denying AT & T's request for an award of attorney's fees in the Default Judgment.

## III. STANDARDS OF REVIEW

■ A. We review a bankruptcy court's fee determination for abuse of discretion or erroneous application of the law. *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir.1997).

■ B. A bankruptcy's court's decision whether to apply § 523(a)(2)(A) to an award of attorney's fees is an issue of law which we review de novo. *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 372 (9th Cir. BAP 1997), *aff'd*, 163 F.3d 609 (9th Cir.1998).

## IV. DISCUSSION

A. *Apportionment*

AT & T asserts that the bankruptcy court erred in failing to apportion part of the fees to its contract claim. Specifically, AT & T argues that the second paragraph of the following excerpt from the bankruptcy judge's ruling was in error:

> It [the Code] does authorize—there are fees that are authorized for the portion of the action that is attributable to an action on the contract if the action on the contract contains an appropriate fees provision under applicable state law.
>
> Apportionment is required, and I will make the apportionment of 100 percent to the nondischargeability action. The amount of the debt [was] never contested and [was] admitted . . . by the debtor in the schedules.

Transcript, 6 November 1998, at 8–9. This is not quite correct, because the schedules did not include the full amounts of the debts. However, the adversary proceeding was uncontested.

■ A prevailing creditor in a nondischargeability proceeding is entitled to contractual attorney's fees under state law *if* the bankruptcy court adjudicates a contract action in connection with the bankruptcy court proceeding. *Younie*, 211 B.R. at 377 (citing *American Express Travel Related Servs. Co. Inc. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1126–27 (9th Cir.1997); and *Baroff*, 105 F.3d at 442).

■ Here, no "contract action" was litigated except implicitly: the bankruptcy court so found, and AT & T has not challenged that finding on appeal. As noted, AT & T's Complaint does not expressly specify breach of contract as a ground for relief. While "[g]enerally, a party cannot succeed on a cause of action not stated in the complaint[,]" *Jodoin v. Samayoa (In re Jodoin)*, 209 B.R. 132, 136 (9th Cir. BAP 1997), the omission here is de minimis, as AT & T did seek determination of the debt and recovery of attorney's fees in its Complaint, based on the agreements. Thus, the contract cause of action was pleaded, if somewhat imprecisely (FRCP 8(f), applicable via Rule 7008, directs us to construe all pleadings to do substantial justice). As noted, the bankruptcy court awarded judgment in the amount of the debt proven at the default hearing.

AT & T presented no evidence to support apportionment to the implicit contract action: the request for attorney's fees was simply for the total amount, without any detailing or breakdown between the contract and the nondischargeability issues. Having presented no evidence to support the apportionment it now requests, AT & T cannot complain.

The bankruptcy court neither abused its discretion nor erroneously applied the law

in apportioning all of the fees to the non-dischargeability cause of action.

## B. *Nondischargeability under § 523(a)(2)(A)*

It follows that AT & T can recover *only* if attorney's fees may be awarded for litigating nondischargeability under § 523(a)(2)(A), rather than the underlying claim: the narrow legal issue is whether a creditor may recover attorney's fees via a contractual provision for successfully litigating nondischargeability.

In *Baroff,* the Ninth Circuit held the federal cause of action for nondischargeability for fraud under § 523(a)(2)(A) is entirely a tort action, and not an action on a contract: "[u]nder California law, a tort action for fraud arising out of a contract is not an action on a contract within the meaning of [CCC] Section 1717." 105 F.3d at 443. But, the *Baroff* court elaborated, California's preclusion of recovery for attorney's fees was limited to those actions seeking damages for fraud. Because the relief at issue was more akin to recission, the California preclusion was inapplicable, and the case was remanded for a determination of the fees. 105 F.3d at 443.

Likewise, in *Hashemi,* a credit card issuer successfully brought a nondischargeability proceeding against the debtor on $60,000 in credit card debt. The cardmember agreement contained a provision, not quoted in the opinion, which permitted American Express to recover attorney's fees incurred in enforcing its rights under the contract. The card issuer prevailed on summary judgment, but was denied attorney's fees. The Ninth Circuit held that American Express was not entitled to fees incurred pursuing nondischargeability, because its claim was not an action on the contract:

> [T]he question of the applicability of the bankruptcy laws to particular contracts is not a question of the enforceability of a contract but rather involves a unique, separate area of federal law. Because the bankruptcy court did not need to "determine the enforceability of the ... agreement to determine dischargeability" ... American Express' dischargeability claim is not an action on the contract.

*Hashemi,* 104 F.3d at 1126 (citations (including *Baroff* ) omitted).

The court went on to say:

> The costs of litigating this issue [breach of the agreement]—however small they might be because the breach was not disputed—do fall within the letter of the cardmember agreement's fee provision. American Express is thus entitled by state law to recover any fees incurred litigating this question. Whether American Express incurred any segregable fees prosecuting its breach of contract claim, and the amount of any such fees, we leave for determination on remand.

*Hashemi,* 104 F.3d at 1126 (citations omitted). While the opinion does not explicate how the question came up, the categorical remand suggests the card issuer there had been summarily denied all fees as a matter of law, in contrast to the situation here, where the evidence presented simply did not support an apportionment for those issues.

The dispositive question here presented is whether the limitations of *Baroff* and *Hashemi* retain any vitality after *Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), particularly in light of the maxim that exceptions to discharge be construed narrowly and in favor of the debtor. *Hayhoe v. Cole (In re Cole),* 226 B.R. 647, 653 (9th Cir. BAP 1998). In *Cohen,* a local administrator, pursuant to a rent control ordinance, ordered the appellant landlord, Cohen, to refund $31,382.50 in rent overcharges to the respondent tenants. Cohen then filed for chapter 7 bankruptcy relief, and respondents filed a complaint under § 523(a)(2)(A). They were ultimately awarded punitive (treble) damages, attorney's fees, and costs under the New Jersey

Consumer Fraud Act. Cohen sought to discharge the punitive damages and the statutory attorney's fee award.

The Court considered the language and history of § 523, and the policy of balancing the debtor's fresh start against making a defrauded creditor whole, which requires more than restitution. Justice O'Connor, writing for the Court, held that the nondischargeable "debt" obtained by fraud included the treble damages and attorney's fees. She went on to say:

> In short, the text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that "any debt ... for money, property, services, or ... credit, to the extent obtained by" fraud encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor. Under New Jersey law, the debt for fraudulently obtaining $31,382.50 in rent payments includes treble damages and attorney's fees and costs, and consequently, petitioner's entire debt of $94,147.50 (plus attorney's fees and costs) is nondischargeable in bankruptcy.

*Cohen*, 523 U.S. at 219, 118 S.Ct. 1212.

*Cohen* was given a broad interpretation in *Wegmans Food Markets, Inc. v. Lutgen (In re Lutgen)*, 1999 WL 222605 (W.D.N.Y. 5 April 1999). In *Lutgen*, the creditor had a contractual right to attorney's fees based on a provision in a check cashing agreement. It obtained a judgment in bankruptcy court under § 523(a)(2)(A) and sought an award for attorney's fees based on the contractual provision. The *Lutgen* court determined, reversing the bankruptcy court, that the proper inquiry is whether the defrauded creditor has a right to payment enforceable under state law:

> This Court finds that, under *Cohen*, the proper inquiry is whether—irrespective of the circumstance that the debtor has filed a bankruptcy petition—the defrauded creditor has a right to payment that is enforceable under state law.... Consequently, Wegman's right to payment of its attorney's fees constitutes a "debt" that, having resulted from Lutgen's fraud, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

*Id.* at *3.

The *Lutgen* court concluded that whether the debt had been imposed by a state statute was not pivotal. It held that the right to payment of attorney's fees was part of the "debt," recoverable under state law, which resulted from fraud (arguably different from a debt "obtained by" fraud), and was therefore nondischargeable. *Id.* at *2.

Other courts have so held: in *Merchants Nat'l Bank of Winona v. Moen (In re Moen)*, 238 B.R. 785 (8th Cir. BAP 1999), Moen committed fraud by writing checks on a line of credit after the account should have been closed. The agreement between Moen and Merchants provided for attorney's fees in the event that the bank incurred any legal fees for collection. The panel ruled that "attorney fees by contract can become part of the nondischargeable debt under section 523(a)(2)(A)." 238 B.R. at 795 (citing *In re Alport*, 144 F.3d 1163, 1168 (8th Cir.1998) and *In re Hunter*, 771 F.2d 1126, 1131 (8th Cir.1985)). *See also Kress v. Kusmierek (In re Kusmierek)*, 224 B.R. 651, 658 (Bankr.N.D.Ill.1998) (absent an award for attorney's fees under non-bankruptcy law, creditor not entitled to fees in bankruptcy court for establishing nondischargeability under § 523(a)(4) of a state court judgment for debtor's defalcation as a fiduciary); *Clark & Gregory, Inc. v. Hanson (In re Hanson)*, 225 B.R. 366, 376 (Bankr.W.D.Mich.1998) (no award of attorney's fees to creditor as additional damages incurred as a result of debtor's fraud under § 523(a)(2)(A), because attorney's fees unavailable under state law); *F.C.C. Nat'l Bank v. Reid (In re Reid)*,

237 B.R. 577 (Bankr.W.D.N.Y.1999) (following *Lutgen,* after consideration of the stare decisis effect of a single district judge's opinion); and *Buffalo Gyn Womenservices, Inc. v. Behn (In re Behn)*, 242 B.R. 229 (Bankr.W.D.N.Y.1999) (applying *Lutgen* in a case holding nondischargeable under § 523(a)(6) abortion protestor debtor's sanction for violating temporary restraining order).

 We agree that, after *Cohen,* the determinative question in cases under § 523(a)(2) is whether the successful plaintiff could recover attorney's fees in a non-bankruptcy court. The Ninth Circuit's holdings in *Baroff* and *Hashemi* were premised on the view that, under California law, fees in a fraud action for damages could not be recovered via a contractual fee agreement. These holdings were arguably undercut by *Santisas v. Goodin*, 17 Cal.4th 599, 608, 71 Cal.Rptr.2d 830, 836, 951 P.2d 399 (1998), in which the Supreme Court of California concluded that, depending on the wording of the fee provision, there may be a contractual right to recover attorney's fees in litigating tort claims.

The impact of *Santisas* on Ninth Circuit law was not presented to the bankruptcy court, which declined AT & T's offer of further briefing. AT & T relied on a mechanical reading of *Cohen* and did not establish its entitlement to attorney's fees under state law. Nevertheless, that reading was not entirely unreasonable: we note the Eighth Circuit Panel did not advert to state law entitlement in deciding *Moen,* 238 B.R. at 795 (nor did the Eighth Circuit authority on which it relied, which distinguishes that case from this one).

As this case presents a significant and recurring issue, and we may remand when the absence of findings of fact and conclusions of law prevents review on appeal, *Canadian Commercial Bank v. Hotel Hollywood (In re Hotel Hollywood)*, 95 B.R. 130, 133–34 (9th Cir. BAP 1988), we will vacate the denial of attorney's fees and do so.

## V. CONCLUSION

The Bankruptcy Court did not clearly err in apportioning all fees to the nondischargeability action; we AFFIRM that ruling.

We VACATE the bankruptcy court's denial of attorney's fees in the Default Judgment, and REMAND for determination whether, under California law, AT & T's cardmember agreement provision would support an award of attorney's fees in a fraud action based on that agreement. If so, those fees are nondischargeable.