**NOT FOR PUBLICATION**

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. EC-14-1074-JuKuPa |
| ) | |
| STEVEN JAMES SAVAGE and ) | Bk. No.  12-28943 |
| ANGELA KATHLEEN SAVAGE, ) | |
| ) | Adv. No. 12-02513 |
| Debtors. ) | |
| _____) | |
| ) | |
| STEVEN JAMES SAVAGE, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | M E M O R A N D U M[*] |
| ) | |
| LEONARD BRILL; VICKI BRILL, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

Argued and Submitted on May 14, 2015
at Sacramento, California

Filed - May 20, 2015

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Christopher M. Klein, Chief Bankruptcy Judge,
Presiding

_____

Appearances:    Jeffrey H. Ochrach of Ochrach Law Group argued
                for appellant Steven James Savage; Kathryn Shubik
                Diemer of Diemer, Whitman & Cardosi, LLP argued
                for appellees Leonard and Vicki Brill.

_____

Before:  JURY, KURTZ, and PAPPAS, Bankruptcy Judges.

---

   [*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

-1-

Appellee Leonard Brill (Brill) filed an adversary proceeding against chapter 7[1] debtor, Steven James Savage, seeking a determination that his claim against debtor was nondischargeable under § 523(a)(2) and (6) and requesting denial or revocation of debtor's discharge under § 727(a)(2) and (4).[2] After a trial, the bankruptcy court entered judgment in debtor's favor on all claims for relief. Debtor then filed a motion seeking $65,476.90 in attorneys' fees and costs (Fee Motion), which the bankruptcy court denied. This appeal followed. We AFFIRM.

## I. FACTS[3]

In June 2009, California Designer Cabinets, Inc. dba Savage Designer Cabinets (CDC) and Brill entered into a sales agreement whereby CDC would manufacture custom cabinets for Brill's house. A dispute arose between Brill and CDC regarding the timing of constructing the cabinets. As a result, Brill cancelled the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Although Vicki Brill was added as a plaintiff to the complaint in August 2013, for purposes of simplicity and because it makes no difference to the result, this memorandum will speak as if Brill were the sole plaintiff in the adversary proceeding. For the same reason, we refer to debtor as though he was the sole debtor.

[3] We take judicial notice of various pleadings which were docketed and imaged by the bankruptcy court in this adversary proceeding and the underlying bankruptcy case. Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

contract and demanded a refund. When he did not receive one, Brill sued CDC and Developers Surety and Indemnity Company in the California state court, asserting causes of action for, among others, rescission of the contract or, alternatively, for breach of contract. Debtor was not a named defendant in the case.[4] Around the same time, CDC stopped all operations and went out of business. In February 2012, Brill obtained a default judgment against CDC in the amount of $134,775.08, which included his costs and attorneys' fees.

A few months later, debtor and his wife filed a joint chapter 7 petition.

In August 2012, Brill filed an adversary complaint against debtor seeking a determination that his claim against debtor was nondischargeable under § 523(a)(2) and (6) and requesting denial or revocation of debtor's discharge under § 727(a)(2) and (4). As to his § 523(a)(2) and (6) claims for relief, Brill alleged that debtor committed fraud by representing that he was properly licensed and able to perform the work he had contracted to do under the sales agreement. Brill further alleged that debtor failed to supply the cabinets and install them in a timely manner and in compliance with California law. Finally, Brill asserted that debtor's willful and malicious refusal to honor his contract with Brill caused Brill to suffer significant damages. In his prayer for relief on these claims, Brill

---

[4] It appears that Brill first filed a state court lawsuit naming CDC and debtor as defendants. Defendants filed a motion to change venue which the state court granted. Brill then dismissed that lawsuit and filed an entirely new case against CDC only and removed any claims against debtor personally.

-3-

requested actual damages "arising from the torts" described, punitive damages, and costs. As to his § 727(a)(2) and (4) claims for relief, Brill alleged that debtor failed to properly describe his assets in his bankruptcy petition, failed to disclose commission income, and made numerous preferential transfers to insiders including his father and son prior to filing the bankruptcy. In his prayer for relief on these claims, Brill requested revocation of debtor's discharge and also requested actual damages "arising from the torts" set forth above, punitive damages, and costs.

Debtor filed a motion to dismiss the complaint on the ground that Brill was not a creditor holding a claim in his estate because (1) Brill had entered into the underlying contract with CDC and (2) Brill had obtained a state court default judgment against CDC. Judge Klein denied the motion without elaboration.

Debtor then answered the complaint with general denials and asserted numerous affirmative defenses including, among others, that Brill was not a creditor and had no standing to assert any claims in debtor's bankruptcy proceeding.

The matter was set for trial on November 22, 2013, before the Honorable David E. Russell. In his trial brief, Brill argued for denial or revocation of debtor's discharge under § 727(a)(2) and (4). In a footnote, Brill stated that he did not intend to pursue the § 523(a) claims at trial. Therefore, no arguments related to those claims. In a three-page trial brief, debtor asserted that Brill's purported dismissal of the

§ 523(a) claims was ineffective.[5]

At trial, debtor's counsel argued again that Brill was not a creditor in debtor's estate because Brill had entered into the contract with CDC. According to debtor's counsel, if Brill was not a creditor, then he did not have the right to assert a § 727 claim. Counsel further asserted that Brill had obtained a default judgment against CDC for the underlying debt and was now asserting the same claims against him.

Brill's counsel argued that debtor had made a "judicial admission" in his schedules that Brill was a creditor. Counsel also requested that she be allowed to amend the complaint to include alter ego allegations if the complaint did not already include them — which it did not. Judge Russell was not persuaded by her judicial admission argument and declined to allow any further amendments to the complaint.

Judge Russell proceeded with the trial and heard testimony from debtor. Brill's counsel questioned debtor about various omissions from his schedules and the transfer of certain assets. There was no evidence presented on the § 523 claims during trial. At the close of Brill's case on the § 727 claims for relief, debtor's counsel moved for judgment in debtor's favor under Civil Rule 52,[6] on the grounds that Brill was not a

---

[5] Cal. Civil Code § 1717(b)(2) provides: "Where an action has been voluntarily dismissed . . ., there shall be no prevailing party for purposes of this section." Debtor implied that Brill may have attempted to dismiss the § 523 claims to avoid the payment of any attorneys' fees.

[6] Civil Rule 52 is made applicable to bankruptcy proceedings by Rule 7052.

-5-

creditor with standing to assert the claims and there was no evidence to support the claims.

Apparently ruling on the motion, Judge Russell placed his findings of fact and conclusions of law on the record. First, he concluded that Brill was not a creditor. Next, Judge Russell ruled on the § 727 claims and found that, although debtor had omitted an asset from his schedules, it was a mistake. He also found debtor's testimony was straightforward and non-evasive. Judge Russell concluded that debtor was honest and thus there was no basis to deny his discharge. Finally, Judge Russell noted that the adversary complaint included a § 523(a)(2) claim for relief, but no evidence was presented on that claim. Therefore, he decided to enter judgment in favor of debtor on the §§ 523(a)(2) claim[7] and 727(a) claim. On November 28, 2013, the bankruptcy court entered a Civil Minute Order granting judgment in debtor's favor.

Once the judgment became final, debtor filed the Fee Motion seeking $65,476.90 in attorneys' fees and costs. Relying on the underlying contract between Brill and CDC and Cal. Civ. Code (CC) § 1717(a), debtor argued that he was entitled to recover attorneys' fees since Brill's claims were based "on the contract." Debtor maintained that Brill's responses to discovery showed that the claims he alleged in the adversary complaint arose out of the CDC contract. When asked what acts debtor committed that formed the basis for the claims alleged in

---

[7] The bankruptcy court did not specifically refer to the § 523(a)(6) claim.

-6-

the adversary complaint, Brill stated: "Defendant failed to commence and continue, and suspended and abandoned work on the Brill Home in violation of the Sales Agreement and California law. Defendant willfully and maliciously refused to honor his contract with Plaintiff." Finally, debtor argued that the underlying litigation need not necessarily be for breach of contract. Citing Marsu, V.V. v. Walt Disney Co., 185 F.3d 932, 939 (9th Cir. 1999), debtor asserted that even an action "sounding in tort" may trigger the right to a contractual attorney fees recovery if the fee provision is broadly worded.

Brill opposed the Fee Motion, contending that the claims for relief in the adversary complaint were based on the nondischargeability provisions and not on breach of contract.

On February 4, 2014, Judge Klein heard the parties' arguments on the Fee Motion. At the continued February 18, 2014 hearing on the matter, Judge Klein placed his findings of fact and conclusions of law on the record. Citing Redwood Theaters, Inc. v. Davison (In re Davison), 289 B.R. 716 (9th Cir. BAP 2003) and Santisas v. Goodin, 951 P.2d 399 (Cal. 1998), the bankruptcy court found that the adversary proceeding was fundamentally a tort action and not covered by CC § 1717. The bankruptcy court denied the Fee Motion by entering a Civil Minute Order on February 18, 2014. Debtor timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

-7-

## III. ISSUE

Did the bankruptcy court abuse its discretion by denying debtor's Fee Motion?

## IV. STANDARDS OF REVIEW

A bankruptcy court's decision denying an award of attorney's fees should not be disturbed absent an abuse of discretion. Renwick v. Bennett (In re Bennett), 298 F.3d 1059, 1063 (9th Cir. 2002); Fry v. Dinan (In re Dinan), 448 B.R. 775, 783 (9th Cir. BAP 2011). The bankruptcy court abuses its discretion when it fails to identify and apply "the correct legal rule to the relief requested," United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir.2009) (en banc), or if its application of the correct legal standard was "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" Id. at 1262.

Whether attorney's fees may be awarded to the prevailing party in an action to deny discharge is a question of law that we review de novo. Tuloil, Inc. v. Shahid (In re Shahid), 254 B.R. 40, 44–45 (10th Cir. BAP 2000).

We may affirm on any ground supported in the record. ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014).

## V. DISCUSSION

It is well settled that the Bankruptcy Code does not include a general right to attorneys' fees. Heritage Ford v. Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir. 1997); In re Dinan, 448 B.R. at 784. The "American Rule" is that attorney fees generally are not recoverable by a prevailing

party unless specifically allowed by contract or statute. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257-58 (1975); In re Baroff, 105 F.3d at 441. In a nondischargeability action, attorney fees can be included if the fees are recoverable under a state statute. Bertola v. N. Wis. Prod. Co. (In re Bertola), 317 B.R. 95, 99-100 (9th Cir. BAP 2004). In claiming an entitlement to attorneys' fees in this litigation, debtor relies on the attorney fee provision in the contract between CDC and Brill, CC § 1717, and Cal. Code Civ. P. (CCP) § 1021.[8] We apply California law to determine whether debtor was entitled to his attorneys' fees.

The contractual attorney fee provision provides in relevant part:

In the event of any form of breach of contract or threatened breach of this agreement resulting in legal expenses, whether incident to litigation or not, the buyer shall be responsible for all reasonable attorneys fees and expenses incurred. . . .

CC § 1717 states in relevant part:

(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

. . . .

CCP § 1021 provides in relevant part:

Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation

---

[8] Debtor never cited CCP § 1021 as a basis for his attorneys' fees in the bankruptcy court.

-9-

of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . .

**A. CC § 1717 Does Not Apply To This Case Because Brill Would Not Have Been Entitled To Attorneys' Fees In This Adversary.**

CC § 1717 allows a party or nonparty to recover attorneys' fees incurred in the litigation of a contract claim. See Hosseini v. Key Bank (In re Hosseini), 504 B.R. 558, 567-68 (9th Cir. BAP 2014); In re Davison, 289 B.R. at 726 (citing Santisas, 17 Cal.4th 599, 615 (1998)). The legislature's goal in enacting this section was to ensure the mutuality of an attorneys' fees remedy in contractual attorney fees provisions. Santisas, 17 Cal.4th at 610; Hsu v. Abbara, 9 Cal.4th 863, 870-71 (Cal. 1995). There are two aspects to this mutuality: (1) an attorneys' fee provision entitling only one party to fees must be interpreted to allow fees to whichever party prevails; and (2) a nonsignatory sued under the contract may recover attorneys' fees just as a signatory would, under certain circumstances. Santisas, 17 Cal.4th at 610-611. Debtor's focus in this appeal is on the second mutuality requirement since he was not a signatory to the contract.

Undoubtedly if Brill had tried to hold debtor liable for CDC's debt under an alter ego theory in the state court litigation, debtor could have made a claim for attorneys' fees if he had prevailed. The California Supreme Court decided the question in Reynolds Metals Co. v. Alperson, 25 Cal.3d 124 (Cal. 1979), a collection case in which a creditor sued two individual shareholders of a bankrupt corporation as its alter egos. The shareholders prevailed, and the court found they were entitled

-10-

to fees under attorney fee provisions in the notes. "Had plaintiff prevailed on its cause of action claiming defendants were in fact the alter egos of the corporation . . . , defendants would have been liable on the notes. Since they would have been liable for attorney's fees pursuant to the fee provision had plaintiff prevailed, they may recover attorney's fees pursuant to [CC] section 1717 now that they have prevailed." Id. at 129. However the question before us is different. Brill did not sue debtor in the state court under an alter ego theory and did not assert an alter ego claim against debtor in this adversary. Indeed, the bankruptcy court denied a request by Brill's counsel for amendment of the complaint to include such a claim. Moreover, assertion of an alter ego claim provides a contractual remedy against a non-party to a contract. This was not an action for breach of contract but about a debtor's right to a discharge. Therefore, Reynolds has no application to these facts.

Putting Reynolds aside, debtor's entitlement to recover fees under the contract would exist purely by virtue of the mutuality provisions under CC § 1717; that is, he would be entitled to recover fees against Brill only because Brill would have been entitled to recover fees against him had Brill succeeded in the adversary proceeding. Under California's merger doctrine, the entry of the judgment extinguished all contractual rights Brill had under the terms of the contract between CDC and Brill, including the right to attorneys' fees. Hambrose Reserve, Ltd. v. Faitz, 9 Cal.App.4th 129 (Cal. Ct. App. 1992) ("Once there is a judgment, contractual rights are

-11-

merged into and extinguished by the terms of the judgment. At that point there is no subsisting contractual attorney fee provision on which [CC] section 1717 may operate."); Chelios v. Kaye, 219 Cal.App.3d 75, 80 (Cal. Ct. App. 1990) ("When . . . a lawsuit on a contractual claim has been reduced to a final, nonappealable judgment, all of the prior contractual rights are merged into and extinguished by the monetary judgment, and thereafter the prevailing party has **only** those rights as set forth in the judgment itself." (Emphasis added). Accordingly, because the contract was extinguished, Brill could not have invoked the contractual fee clause to recover his fees in this adversary proceeding under either the § 523 or the § 727 claims.

For all these reasons, the mutuality provisions under CC § 1717 do not extend to debtor.

**B. The Litigation Was Not An Action "On The Contract" As Required Under CC § 1717(a).**

We agree with Judge Klein that Brill's § 523 claims for relief were tort-based claims not covered by CC § 1717. The title of the cause of action is of secondary importance to the nature of the parties' assertions in applying CC § 1717(a). In re Baroff, 105 F.3d at 443. Also, "[i]n determining whether an action is 'on the contract' under [CC §] 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action." In re Tobacco Cases I, 193 Cal.App.4th 1591, 1602 (Cal. Ct. App. 2011). Applying these principles, Brill's factual allegations against debtor under the § 523(a)(2) and (6) claims for relief were based on debtor's own fraud and conduct and did not implicate contract principles. Thus, the

-12-

bankruptcy court committed no error by applying the holdings of Davison and Santisas to this case — the creditor's action must have been brought to enforce its rights under the agreement. Santisas, 951 P.2d at 409 (tort claims are "outside the ambit of section 1717"); Davison, 289 B.R. at 724 (attorneys' fees for tort claims are not recoverable under CC § 1717); see also In re Baroff, 105 F.3d at 443 ("Under California law, a tort action for fraud arising out of a contract is not an action on a contract within the meaning of [CC] § 1717.").

In addition, debtor's argument that Brill's adversary complaint was an action based "on the contract" centers on the threshold issue of Brill's creditor status and standing to bring the §§ 523 and 727 claims. However, Brill's creditor status and legal standing in the adversary proceeding was a pure question of law, the answer to which did not depend upon contract principles. Generally, California law treats a corporation as an entity separate and distinct from its shareholders, officers and directors. Communist Party v. 522 Valencia, Inc., 35 Cal.App.4th 980, 993 (Cal. Ct. App. 1995). Under ordinary circumstances, shareholders do not incur personal liability for the corporation's actions during its existence. They are not personally liable for the corporation's debts or its torts. Bing Crosby Minute Maid Corp. v. Eaton, 46 Cal.2d 484, 487 (Cal. 1956). In applying this law, Judge Russell was not called upon to make any determination regarding the parties' contract other than noting that the underlying contract was between Brill and CDC. Under the authorities cited above, it followed that Brill was not a creditor with a claim in debtor's estate.

-13-

Finally, the trial conducted before Judge Russell was only on Brill's § 727 claims for relief since Brill had abandoned his § 523 claims prior to trial. In refusing to deny debtor's discharge under § 727, Judge Russell did not rely on the contract or even discuss it. Instead, the court heard debtor's testimony, found him honest, and concluded there was no basis to deny debtor his discharge. Notably, debtor has cited no case law which holds that § 727 claims are actions "on a contract" when such claims are successfully defended. See Tuloil, Inc. v. Shahid (In re Shahid), 254 B.R. 40, 44-45 (10th Cir. BAP 2000) (concluding § 727 does not provide a statutory basis for an award of attorneys' fees, and that the attorney fee clause in creditor's contract with debtor was inapplicable because an action under § 727 was not an action on the contract). The Panel was also unable to find any Ninth Circuit case where a prevailing creditor in a § 727 action was awarded attorneys' fees on any provision.

For all these reasons, debtor's reliance on Win v. Tran (In re Tran), 301 B.R. 576, 583 (Bankr. S.D. Cal. 2003) misses the mark. In Tran, the bankruptcy court noted that the trial had proceeded as a breach of contract claim. The record does not support such a finding under the facts of this case.

**C. Debtor's CCP § 1021 Argument Has Been Waived.**

Debtor also argues that Judge Klein erred by not considering whether the attorney fee provision in the contract was broadly worded to cover actions sounding in tort as well as contract. "We apply a general rule against entertaining arguments on appeal that were not presented or developed before

-14-

the [bankruptcy] court." Davis v. Elect. Arts Inc., 775 F.3d 1172, 1180 (9th Cir. 2015). Debtor's Fee Motion did not mention CCP § 1021 and debtor's counsel never argued before Judge Klein that CCP § 1021 was applicable to the attorney fee provision in the contract. Accordingly, debtor's argument about the applicability of CCP § 1021 to the attorney fee provision is deemed waived.

We have recognized three circumstances in which we have discretion to reach waived issues, including "'when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed.'" Id. Under the circumstances of this case, whether the attorney fee provision is broad enough to cover fraud and other torts is a question of law that we can address on the existing record. See United States v. 1.377 Acres of Land, 352 F.3d 1259, 1264 (9th Cir. 2003) (the interpretation of language in a contract is a question of law reviewed de novo). We therefore exercise our discretion to address the issue.

Although debtor suggests we interpret the attorney fee provision broadly to cover all disputes arising out of the contract, we decline to do so. On its face, the express language of the attorney fee provision limits recovery of attorneys' fees to actions relating to breach of the contract. The narrow language employed cannot be construed to cover all actions "resulting from" the agreement as debtor argues. Also, neither the § 523 claims nor the § 727 claims were "disputes arising from the contract" between Brill and CDC. Accordingly, CCP § 1021 is of no help to debtor under these

-15-

circumstances.

## VI.  CONCLUSION

Having found no error, we AFFIRM.