**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. AZ-18-1289-BFL |
| MICHAEL ALLEN ZITO and ELIZABETH ZITO, | Bk. No. 3:09-bk-25681-GBN |
| Debtors. | |
| MICHAEL ALLEN ZITO; ELIZABETH ZITO, | |
| Appellants, | |
| v. | **OPINION** |
| DOUGLASS ENTERPRISES, LLC, | |
| Appellee. | |

Argued and Submitted on July 18, 2019
at Phoenix, Arizona

Filed – August 21, 2019

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable George B. Nielsen, Jr., Bankruptcy Judge, Presiding

―――――――

Appearances:    Appellant Michael Allen Zito argued pro se; Philip J. Giles of Allen Barnes & Jones, PLC argued for Appellee Douglass Enterprises, LLC.

————

Before:    BRAND, FARIS and LAFFERTY, Bankruptcy Judges.

BRAND, Bankruptcy Judge:

## INTRODUCTION

Douglass Enterprises, LLC sued debtors Michael and Elizabeth Zito in Arizona state court to recover on a personal guarantee. The Zitos returned to the bankruptcy court and sought an order that the debt was discharged in their previous chapter 11[1] bankruptcy case despite § 523(a)(3)(A). After the bankruptcy court determined that the Zitos' debt to Douglass Enterprises was not discharged, Douglass Enterprises, as the prevailing party, sought and obtained a judgment from the bankruptcy court awarding attorney's fees and costs for defending the discharge action. The Zitos now appeal the post-judgment award of attorney's fees and costs to Douglass Enterprises. Although we agree that Douglass Enterprises, as the prevailing party in this action, would be entitled to reasonable attorney's fees and costs in the event that it ultimately prevails in its

—————————

[1]  Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

personal guarantee action, the bankruptcy court erred by awarding fees and costs prematurely. Accordingly, we REVERSE.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Zitos owned and managed BySynergy, LLC, a Delaware limited liability company in the business of real estate development. Prior to 2008, BySynergy was developing a 106 single-family home project in Arizona. To help fund the venture, BySynergy obtained a $200,000 loan from Douglass Enterprises, which was evidenced by a note and a second-position deed of trust against the project property in favor of Douglass Enterprises. To further secure repayment, the Zitos executed a Personal Guarantee for the amounts owed to Douglass Enterprises under the note. The Personal Guarantee was governed by Arizona law and contained an attorney's fees clause providing for reasonable attorney's fees to the prevailing party in any suit "to enforce any of its terms."

In 2008, BySynergy filed a chapter 11 bankruptcy case, which was later converted to chapter 7. Ultimately, Douglass Enterprises's second-position lien was wiped out by a senior lienholder and it received nothing on its unsecured claim.

The Zitos then filed their individual chapter 11 bankruptcy case on October 13, 2009. They did not list Douglass Enterprises or the Personal Guarantee debt on their bankruptcy schedules. They received a discharge on October 9, 2012.

In April 2013, Douglass Enterprises filed suit against the Zitos in the Arizona state court for breach of the Personal Guarantee. The Zitos reopened their individual chapter 11 case and sought a determination from the bankruptcy court that the Personal Guarantee debt had been discharged. After trial, the bankruptcy court found that the Zitos had failed to establish that Douglass Enterprises had notice or actual knowledge of the case in time to file a timely proof of claim. Accordingly, the debt was not discharged under § 523(a)(3)(A). A judgment was entered to that effect on September 7, 2018, which the Zitos appealed.[2]

Douglass Enterprises then moved for $207,210.85 of attorney's fees and costs incurred in the § 523 action ("Fee Application"). Douglass Enterprises maintained that it was entitled to such an award because the Personal Guarantee provided for the recovery of attorney's fees and costs to the prevailing party. The Zitos opposed the Fee Application. They argued that, because the § 523 action involved only a question of bankruptcy law — i.e., whether the debt owed to Douglass Enterprises was discharged under § 523(a)(3)(A) — and did not address the enforceability of the contract under state law, attorney's fees were not recoverable under the Personal Guarantee or Arizona law. Because the underlying contractual matter was yet to be litigated in the state court, the Zitos argued that the

---

[2] We are concurrently issuing an affirmance in that appeal. *See* BAP No. AZ-18-1236-BFL.

issue of attorney's fees could be addressed there, should Douglass Enterprises prevail in that litigation.

After a hearing, the bankruptcy court announced its oral ruling granting the Fee Application. The court reasoned that, even though the § 523 action involved the determination of whether the debt was discharged under bankruptcy law, it "really turned into a factual case, not an issue of abstract bankruptcy law, . . . but what the facts were and the facts were such that I concluded the claim was not discharged." The court opined that the Zitos' § 523 action "was an attempt to short-circuit Arizona Superior Court litigation that was pending against them as well."

The bankruptcy court entered a judgment in favor of Douglass Enterprises and against the Zitos for attorney's fees and costs in the requested amount of $207,210.85 plus interest ("Fee Judgment"). The Zitos timely appealed. While this appeal was pending, Douglass Enterprises filed a Notice of Partial Satisfaction, after the Zitos alerted Douglass Enterprises that the Fee Judgment inadvertently contained fees awarded in prior sanctions orders and paid by the Zitos. Accordingly, the amount owed on the Fee Judgment is now $184,210.35.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

5

## III. ISSUE

Did the bankruptcy court err by awarding Douglass Enterprises its attorney's fees and costs for defending the § 523(a)(3)(A) action?

## IV. STANDARDS OF REVIEW

We review a bankruptcy court's determination on attorney's fees for abuse of discretion. *Bertola v. N. Wisc. Produce Co. (In re Bertola)*, 317 B.R. 95, 99 (9th Cir. BAP 2004). A bankruptcy court abuses its discretion if it applies the wrong legal standard, or misapplies the correct legal standard, or if its factual findings are clearly erroneous. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). The bankruptcy court's decision to award attorney's fees under § 523 and under Arizona law is an issue of law that we review de novo. *In re Bertola*, 317 B.R. at 99.

## V. DISCUSSION

**A. The bankruptcy court did not err in determining that Douglass Enterprises would be entitled to its attorney's fees and costs for defending the § 523(a)(3)(A) action, but it did err by awarding them prematurely.**

The Zitos argue that the bankruptcy court erred by awarding attorney's fees to Douglass Enterprises based on the Personal Guarantee. They contend that such fees were not recoverable because the only issue before the court was whether the Personal Guarantee debt had been discharged under § 523(a)(3)(A); that action did not address the enforceability of the contract.

6

Under the "American Rule," prevailing parties in federal court are not ordinarily entitled to attorney's fees unless authorized by contract or statute. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). The Code does not provide a general right to recover attorney's fees. *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). The Fee Judgment is silent as to what authority the bankruptcy court relied upon for its ruling. Its oral ruling is also not clear. We cannot tell whether the court awarded fees and costs based on the contract or an Arizona statute.

For their argument, the Zitos rely on *In re Baroff*, *Fobian v. West Farm Credit Bank (In re Fobian)*, 951 F.2d 1149 (9th Cir. 1991), *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738 (9th Cir. 1985), and *Collingwood Grain, Inc. v. Coast Trading Co. (In re Coast Trading Co.)*, 744 F.2d 686 (9th Cir. 1984). The *Fobian* line of cases has been abrogated by the Supreme Court in *Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 549 U.S. 443 (2007). However, *Travelers* does not govern here either. As we noted in *Fry v. Dinan (In re Dinan)*, 448 B.R. 775, 785 (9th Cir. BAP 2011), "while *Travelers* supports the proposition that an unsecured creditor may assert a postpetition claim against the estate for attorney's fees if governing contracts and state law permit such fees, such cases apply to claims against the estate, not to nondischargeable claims against the debtor. In nondischargeability actions, *Cohen [v. de la Cruz*, 523 U.S. 213 (1998)] applies." We further recognized in *AT&T Universal Card Services Corp. v.*

7

*Pham (In re Pham)*, 250 B.R. 93, 99 (9th Cir. BAP 2000), that the general rule in *Baroff* and *American Express Travel Related Services Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122 (9th Cir. 1997), no longer retained any vitality in nondischargeability actions in light of *Cohen*. *Baroff* and *Hashemi* held that whether fees may be awarded in bankruptcy proceedings generally depends on whether the case involves state or federal claims and whether the applicable law allows such fees. *In re Baroff*, 105 F.3d at 441; *In re Hashemi*, 104 F.3d at 1126-27. *See also In re Bertola*, 317 B.R. at 99-100 (upholding award of attorney's fees under § 523(a)(6) based on *Cohen*).

In *Cohen*, the Supreme Court held that the discharge exception under § 523(a)(2)(A) applies to all liability arising on account of a debtor's fraudulent conduct, including attorney's fees and costs. 523 U.S. at 223 (because creditors were entitled to treble damages and attorney's fees and costs under a state statute for debtor's fraudulent conduct, the entire debt was nondischargeable, including the attorney's fees and costs). *Cohen* is not limited to cases under § 523(a)(2)(A). The Supreme Court indicated that its holding would apply to nondischargeability cases under other paragraphs in § 523 as well, such as (a)(1), (a)(4), (a)(6), and (a)(9). *Id.* at 219-20. *See also Correia–Sasser v. Rogone (In re Correia-Sasser)*, BAP No. AZ-13-1461-KiTaPa, 2014 WL 4090837, at *13 (9th Cir. BAP Aug. 19, 2014) (applying *Cohen* to § 523(a)(4)); *In re Bertola*, 317 B.R. at 100 (applying *Cohen* to § 523(a)(6)). We have also applied *Cohen* to § 523(a)(14). *See In re Dinan*, 448 B.R. at 786.

8

Although we could not locate a case where a court has applied or refused to apply *Cohen* to § 523(a)(3), we see no logical reason why its holding would not extend to § 523(a)(3). *See Brown v. Link (In re Link)*, 538 B.R. 783, 792 (Bankr. E.D. Mo. 2015) (reasoning that *Cohen* applies to *any* exception of a debt from discharge under § 523(a)). *Cohen* is also not limited to attorney's fees awarded under state or federal statutes; it applies equally to cases in which fees are provided for by contract. *In re Dinan*, 448 B.R. at 786 (citing *Redwood Theaters, Inc. v. Davison (In re Davison)*, 289 B.R. 716, 725 (9th Cir. BAP 2003)).

"[U]nder *Cohen*, the determinative question for awarding attorney's fees is whether the creditor would be able to recover the fee outside of bankruptcy under state or federal law." *Id.* at 785 (citing *Levitt v. Cook (In re Levitt)*, BAP No. AZ–07–1166, 2008 WL 8448069, at *6 (9th Cir. BAP July 22, 2008); *In re Bertola*, 317 B.R. at 99–100; *Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 528 (Bankr. D. Idaho 2008)). The entire basis for the debt the Zitos sought to have discharged under § 523(a)(3)(A) was the Personal Guarantee, a contract governed by Arizona law.[3] It contains an attorney's fee clause which states:

---

[3] Under Arizona law, "[a] contractual provision for attorneys' fees will be enforced according to its terms. Unlike fees awarded under A.R.S. § 12–341.01(A), the court lacks discretion to refuse to award fees under the contractual provision." *Chase Bank of Ariz. v. Acosta*, 880 P.2d 1109, 1121 (Ariz. Ct. App. 1994) (internal citations omitted). Thus, if a contractual provision states fees will be awarded to the prevailing party, the court must award fees.

In the event suit is brought by any party under this Personal Guarantee to enforce any of its terms, it is agreed . . . that the prevailing party shall be entitled to reasonable attorneys' fees in said suit, or in any appeal therefrom, to be fixed by the Court.

Douglass Enterprises was seeking to enforce the terms of the Personal Guarantee against the Zitos with its breach of contract action in the state court. For reasons not entirely clear, that matter was stayed so the Zitos could seek a determination from the bankruptcy court on whether the Personal Guarantee debt had been discharged in the Zito's chapter 11 bankruptcy case. However, the state court had concurrent jurisdiction to decide that issue and was not required to apply a stay. *See Rein v. Providian Fin. Corp.*, 270 F.3d 895, 904 n.15 (9th Cir. 2001) (bankruptcy courts and state courts have concurrent jurisdiction over all nondischargeability actions except those brought under § 523(a)(2), (4), (6) and (15)).

Litigation relating to the enforcement of the Personal Guarantee falls under the attorney's fees clause, and the prevailing party in such litigation is entitled to reasonable fees. The Zitos' § 523(a)(3)(A) action was essentially litigating an affirmative defense to the enforceability of the Personal Guarantee. The bankruptcy court determined that the Personal Guarantee debt was not discharged, and we have affirmed that ruling. But the § 523(a)(3)(A) action was only part of the litigation between the parties. The Arizona state court has yet to determine whether the Personal Guarantee is enforceable against the Zitos under state law. Because that

10

litigation is still pending, there is no "prevailing party" as of yet.

While we agree that Douglass Enterprises was the prevailing party in the § 523(a)(3)(A) action and entitled to an award of fees and costs per the contract and *Cohen*, the award was premature. It would be an inequitable result for the Zitos to have to pay those fees and costs if Douglass Enterprises ultimately loses at the state court.[4] Therefore, we believe the bankruptcy court erred by prematurely awarding Douglass Enterprises its attorney's fees and costs. However, should Douglass Enterprises prevail in the state court litigation, that court should include in its award the amount of the Fee Judgment, which is now $184,210.35.

## VI. CONCLUSION

For the reasons stated above, we REVERSE.

---

[4] While the Zitos appear to contest on appeal the reasonableness of the fees, we decline to consider this argument since it was never raised before the bankruptcy court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (generally, appellate courts will not consider arguments raised for first time on appeal).

11