**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: JAMES MARVIN ROTH,

Debtor,

------------------------------

ANICE M. PLIKAYTIS,

Plaintiff-Appellee,

v.

JAMES MARVIN ROTH,

Defendant-Appellant.

No.   14-56612

D.C. No.
3:13-cv-02954-BAS-DHB

MEMORANDUM*

In re: JAMES MARVIN ROTH,

Debtor,

------------------------------

ANICE M. PLIKAYTIS,

Plaintiff-Appellant,

v.

No.   14-56700

D.C. No.
3:14-cv-00011-BAS-DHB

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

JAMES MARVIN ROTH,

            Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted October 6, 2016
Pasadena, California

Before:  PREGERSON, NOONAN, and PAEZ, Circuit Judges.

The underlying federal case is a Chapter 11 bankruptcy proceeding to except debts from discharge pursuant to 11 U.S.C. § 523(a).  The debt at issue is the judgment obtained in state court by Appellee/Cross-Appellant Anice Plikaytis against her former employer Appellant/Cross-Appellee James Roth.  Both Roth and Plikaytis appeal the district court's decisions affirming various rulings of the bankruptcy court.

We have jurisdiction under 28 U.S.C. §§ 1291, 158(d).  We review a district court's decision on an appeal from a bankruptcy court *de novo*, with no deference given to the district court's decision.  *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010).  We review the bankruptcy court's conclusions of law *de novo* and findings of fact for clear error.  *Id*.  We affirm.

2

**Appeal No. 14-56612**

**1.** The bankruptcy court did not err in finding that Plikaytis's claims in her amended complaint that the state court judgment was nondischargeable under § 523(a)(2)(A), (a)(4), and (a)(6) related back to the time of filing of her original complaint. Plikaytis's amended complaint contained the same three claims pled in her original complaint, but with additional factual information. Thus, the "amendments" regarding these three claims necessarily "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B); 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1497 (3d ed. 2016) ("[A]mendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15(c)(1)(B).").

**2.** The bankruptcy court's justifiable reliance determination was not clearly erroneous because there is substantial evidence in the record that Plikaytis justifiably relied on Roth's promise, including, most convincingly, the fact that she and Roth had been business associates for over twenty years. *See In re Kirsh*, 973 F.2d 1454, 1460 (9th Cir. 1992).

3

**3.** The bankruptcy court did not err in finding the full $2.8 million state court breach of contract debt nondischargeable under § 523(a)(2)(A). The bankruptcy court determined that the breach of contract debt had the additional characteristic of fraud under § 523(a)(2)(A) and accordingly found the debt nondischargeable. This was not in error as the state court judgment is the correct measure of damages because it is the debt arising from the fraud. *See Cohen v. De La Cruz*, 523 U.S. 213, 221 (1998) ("[Section] 523(a)(2)(A) is best read to prohibit the discharge of any liability arising from a debtor's fraudulent acquisition of money, property, etc. . . . .").

**4.** The bankruptcy court did not err in finding that Plikaytis's § 523(a)(4) claim was within the scope of her pleadings. The bankruptcy pleadings expressly speak to Roth's mismanagement of Talmadge East and misappropriation of Talmadge East funds for personal use. The bankruptcy court found wrongful defalcation based on Roth's financial mismanagement of Talmadge East during 2009, which falls within the scope of the pleadings.

**5.** The bankruptcy court did not err in failing to consider the 2008-2009 ledgers in calculating the defalcation debt under § 523(a)(4). Roth's argument focuses on the bankruptcy court's statement that the 2008 ledgers were unclear, but

4

he ignores a crucial part of the bankruptcy court's reasoning. The bankruptcy court also relied solely on the 2009 ledger because it more appropriately reflected the wrongful conduct that formed the basis of the judgment (i.e., financial mismanagement during a time of financial crises). We find no fault with this reasoning.

6. The bankruptcy court did not err in evaluating whether Roth had fiduciary capacity under § 523(a)(4). Contrary to Roth's argument, the bankruptcy court did not rely on the state court's fiduciary duty determination in making its own § 523(a) fiduciary capacity determination. In a pretrial order, the bankruptcy court decided the issue without reference to the state court's decision.

7. The bankruptcy court did not err in finding that the emotional distress damages were nondischargeable under § 523(a)(6). Intentional infliction of emotional distress is an independent cause of action and does not rely on an allocation of damages between dischargeable and nondischargeable debts. The record supports the bankruptcy court's finding of willful and malicious intent with regard to the emotional distress damages, which Roth does not appear to challenge.

**Cross-Appeal, No. 14-56700**

1. The bankruptcy court did not err in finding that the $52,000 judgment for

"engag[ing] in wrongful conduct through withholding payment of mortgagers in the name of Anice Plikaytis" was subsumed within the $90,000 judgment for "breach of fiduciary duties . . . by failing to pay mortgages for units held in the name of Anice Plikaytis." The bankruptcy court concluded that because the two debts arose out of the same conduct, one award subsumed the other. Plikaytis argues this was error, but cites no case law in support. Because the bankruptcy court is in the best position "to fashion the remedy best suited to the harm" and "to determine the appropriate damages," we affirm. *In re Anguiano*, 99 B.R. 436, 438 (B.A.P. 9th Cir. 1989) (internal quotation marks omitted).

**2.** The bankruptcy court did not err in discharging the punitive damages and attorneys' fees debt. The state court jury awarded punitive damages and attorneys' fees in lump sums, which were applicable to all causes of action. From the verdict forms and judgment, the bankruptcy court could not decipher whether the characteristics of § 523(a) had been litigated and decided in state court with regard to part or all of the punitive damages and attorneys' fees awards. Therefore, collateral estoppel could not be applied. Before the bankruptcy court, and on appeal, Plikaytis failed to present any evidence or argument that the two awards stemmed from nondischargeable liability. Thus, she has not met her burden to

6

establish nondischargeability.

**3.** Because Plikaytis failed to properly request attorneys' fees in the discharge proceedings, the bankruptcy court did not abuse its discretion in refusing to award attorneys' fees.

**4.** The bankruptcy court did not err in dismissing Plikaytis's mechanic's lien claim. Neither the original complaint, nor the attached state court judgment, explicitly or implicitly mention the mechanic's lien claim. Therefore, unlike Plikaytis's other claims, this claim was entirely new when presented in the amended complaint. Moreover, the mechanic's lien claim did not arise from the same conduct, transaction, or occurrence set forth in the original complaint. Accordingly, the bankruptcy court properly concluded that relation back was not appropriate as to this claim.

**5.** The bankruptcy court's pretrial order was not an erroneous *sua sponte* grant of summary judgment. "At any pretrial conference, the court may consider and take appropriate action on . . . formulating and simplifying the issues, and eliminating frivolous claims or defenses . . . ." Fed R. Civ. P. 16(c)(2)(A). As discussed above, the bankruptcy court properly found that the $52,000 and the $90,000 awards should not be aggregated. It was within the bankruptcy court's

7

discretion to simplify and eliminate this issue.

**AFFIRMED.**