FILED

NOV 13 2024

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: LINDA NGUYEN, Debtor. | BAP No. CC-24-1089-FSL |
| | Bk. No. 8:21-bk-10534-TA |
| LINDA NGUYEN, Appellant, v. UYEN VI THI BUI, Appellee. | Adv. No. 8:21-ap-01033-TA **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Theodor C. Albert, Chief Bankruptcy Judge, Presiding

Before: FARIS, SPRAKER, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Linda Nguyen and her close friend, Uyen Vi Thi Bui, formed a partnership to flip houses in Florida. When Ms. Nguyen

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

failed to perform and instead misdirected Ms. Bui's investment, Ms. Bui sued Ms. Nguyen in Washington state court and obtained a money judgment against her. Ms. Nguyen filed for bankruptcy protection, but after a trial, the bankruptcy court determined that the debt was nondischargeable under §§ 523(a)(4) and (a)(6) and awarded Ms. Bui her attorneys' fees and costs.

Ms. Nguyen appeals. She does not contest the bankruptcy court's factual findings or its determination of liability. Instead, she objects to the court's award of damages and attorneys' fees.

We discern no error and AFFIRM.

## FACTS

### A. The parties' friendship and joint venture

Ms. Nguyen and Ms. Bui were close friends for over two decades. In 2018, Ms. Bui told Ms. Nguyen that she was considering investing in a business. Ms. Nguyen recommended that she invest in real estate and told Ms. Bui that she had experience "flipping" houses for profit. In fact, Ms. Nguyen had little such experience.

In May 2018, Ms. Bui agreed to invest her money with Ms. Nguyen to acquire and flip two properties in Florida: the so-called "Downing Property" and the "Forbes Property." The parties entered into two joint venture/partnership agreements (the "Joint Venture Agreements"). Under the first agreement (the "Downing Agreement"), Ms. Bui agreed to fund $180,000 for the partnership's purchase of the Downing Property. The

2

parties later executed a second agreement (the "Forbes Agreement"), wherein Ms. Bui agreed to fund $155,000 for the purchase of the Forbes Property.

Under the Joint Venture Agreements, Ms. Bui was a "silent partner" who would only contribute the funding, while Ms. Nguyen was "solely responsible" for renovating and selling the properties. Ms. Nguyen promised to "work to the best of his/her ability" to complete the renovations, sell the properties, and distribute the proceeds within one year. The agreements also provided that the "prevailing party" in "litigation aris[ing] out of this Agreement or the performance thereof" could recover attorneys' fees.

At the same time, and apparently unbeknownst to Ms. Bui, Ms. Nguyen negotiated and executed joint venture agreements concerning the same properties with their mutual friend, Minh Tran. The Nguyen/Tran agreements were identical in substance to the Nguyen/Bui agreements, except that Ms. Tran's investment was significantly less than Ms. Bui's contribution: $50,000 for the Downing Property and $100,000 for the Forbes Property.

Ms. Nguyen purchased the Downing Property on June 20, 2018 for $175,093 and purchased the Forbes Property on July 23 for $300,000.

Ms. Nguyen did little or no work to renovate the properties. Both Ms. Bui and Ms. Tran became impatient and repeatedly inquired about the return on their investments.

3

Eventually, Ms. Nguyen sold the Downing Property for a small loss. She did not immediately inform Ms. Bui of the sale. Instead, she continued to provide (false) updates on the progress of the Downing Property renovations. When Ms. Nguyen received the net sale proceeds of $161,722.21, she wired $120,035 to Ms. Tran, gave Ms. Bui $10,035 as a "loan," and retained the rest for renovations to the Forbes Property.

**B.    The state court action**

By July 2019, Ms. Bui became aware of Ms. Tran's involvement in the joint venture. In November 2021, Ms. Bui sued Ms. Nguyen and her husband in Washington state superior court. The complaint asserted claims for breach of contract, injunctive relief, and partnership dissolution and accounting. It sought monetary damages of $330,000 (Ms. Bui's initial investment minus a $5,000 repayment) and an order to sell the Forbes Property, which it alleged was partnership property under the Joint Venture Agreements and Washington law.

Ms. Bui prevailed on a series of motions for summary judgment. The superior court held that the Joint Venture Agreements created a partnership and directed a court-supervised sale of the Forbes Property. The Forbes Property sold for a small loss. The court ordered that Ms. Bui would receive the net proceeds of the sale and entered partial final judgment against Ms. Nguyen for $330,000 plus interest.

Later, the superior court entered an amended final judgment ("State Court Judgment") against Ms. Nguyen and the marital community of

4

Ms. Nguyen and her husband for damages totaling $300,513.78 plus post-judgment interest. The court distributed the net sale proceeds of the Forbes property ($240,098.75) to Ms. Bui, which reduced the outstanding principal balance to $89,901.25.

Ms. Nguyen did not appeal the State Court Judgment, and it has become final.

## C.     Chapter 7 bankruptcy and adversary proceeding

Meanwhile, Ms. Nguyen filed her chapter 7 petition. Ms. Bui filed a proof of claim for $628,217.10 and objected to some of Ms. Nguyen's claimed exemptions.

Ms. Bui initiated an adversary proceeding against Ms. Nguyen, asserting that the debt evidenced by the superior court's partial final judgment was nondischargeable under §§ 523(a)(2)(A), (a)(4), and (a)(6).[2] She also requested an award of attorneys' fees.

After a trial, the bankruptcy court first ruled that Ms. Bui failed to prove actual fraud under § 523(a)(2)(A): Ms. Nguyen's misrepresentations occurred after the fact or were "at best boastful exaggerations."

The bankruptcy court next considered nondischargeability under § 523(a)(4). It held that Ms. Bui had satisfied the standards for both embezzlement and defalcation while acting in a fiduciary capacity. Ms. Nguyen was entrusted with Ms. Bui's money but did not use the

---

[2] Ms. Bui also sought denial of discharge under § 727(a)(2). The bankruptcy court rejected that claim, and no one challenges that decision on appeal.

money as intended; the disbursal of the sale proceeds to Ms. Tran was a diversion of partnership property; and there were clear indications of fraud.

The bankruptcy court held that Ms. Bui established willful and malicious injury under § 523(a)(6). It found that the transfer of partnership property to a non-partner was substantially likely to cause damage to Ms. Bui; it was also wrongful and done without justification or excuse.

Finally, the bankruptcy court considered the amount of damages. The bankruptcy court stated that it "sees no reason to award any amount different from the [State Court Judgment] but clarification on allocation of the damages per claim may be required." It referenced issue preclusion and said that it would award damages "in parallel with" the superior court.

The bankruptcy court also awarded nondischargeable attorneys' fees pursuant to the language of the Joint Venture Agreements.

## D. Post-trial briefing

The parties submitted post-trial briefs on the proposed form of judgment, and Ms. Bui filed a motion for attorneys' fees.

Ms. Bui's post-trial brief recounted the superior court's rulings: the superior court had awarded her $330,000, and, after crediting the Forbes Property sale proceeds, the principal remaining sum was $89,901.25. With the addition of pre- and post-judgment interest, attorneys' fees, and costs, Ms. Bui calculated that the total amount due on the State Court Judgment was $382,475.38.

Ms. Bui argued that the entire amount was nondischargeable under § 523(a)(4). If it were necessary to apportion the damages under § 523(a)(6), she contended that the nondischargeable principal should be $151,687.21, which represented "the diverted proceeds from the [Downing Property] sale." Accounting for pre- and post-judgment interest, attorneys' fees, and costs, she argued that the total nondischargeable amount under § 523(a)(6) should be $316,711.44.

Finally, Ms. Bui argued that she was entitled to her attorneys' fees and costs in the bankruptcy court pursuant to the Joint Venture Agreements, which provide for attorneys' fees to the prevailing party.

Ms. Bui's counsel filed an application for fees and costs. He represented that he worked over 400 hours and requested $244,140 in fees and $9,064.10 in costs. He explained that the litigation was extremely contentious and that his fees covered both the bankruptcy case and the adversary proceeding, which were "tied closely together." He estimated that approximately two-thirds of his fees related to the adversary proceeding, while the other third related to matters in the chapter 7 case, including the pending objection to exemptions.

Ms. Nguyen argued that the State Court Judgment was not preclusive as to Ms. Bui's damages because the precise issue of damages was not actually litigated or necessarily decided in the superior court. She contended that the adversary proceeding and superior court case raised different issues and "concerned different joint ventures relating to different

7

properties and different wrongs."

Ms. Nguyen contended that the attorneys' fees were not reasonable and should be limited to those incurred in prosecuting the §§ 523(a)(4) and (a)(6) claims relating to the Downing Agreement. She also argued that the requested attorneys' fees were "enormous" and that Ms. Bui's counsel did not provide sufficient detail as to which fees were reasonably incurred in connection with the §§ 523(a)(4) and (a)(6) issues.

E.     **Judgment and attorneys' fees award**

Prior to the hearing on the form of judgment and attorneys' fee application, the bankruptcy court issued a tentative ruling. Regarding damages, it stated, "While this court agrees that there should be a limit on damages under Section 523(a)(6) as the state court did not find for willful and malicious injury, this court's finding under Section 523(a)(4) is parallel to that of the King County Court."

The bankruptcy court also indicated its inclination to award attorneys' fees pursuant to the Joint Venture Agreements' attorneys' fees clause. It rejected Ms. Nguyen's argument that the award should be strictly limited to those fees incurred in prosecuting the adversary proceeding and instead stated that "this was a complicated matter involving a bankruptcy case, a state court lawsuit, and an adversary proceeding which resulted in significant time and resources used throughout the trial and adversary process. . . . Virtually all of the effort related in some manner or other to the fact that a breach of trust and embezzlement had occurred."

8

At the hearing, Ms. Bui reiterated her argument that the superior court had carefully calculated the damages as to conversion and breach of the Joint Venture Agreements. The bankruptcy court agreed: "I think this is all part of a series of connected transactions, which ultimately all come under [§] 523(a)(4)."

Regarding the attorneys' fees, the bankruptcy court stated that counsel's fees were for work in both the adversary proceeding and the bankruptcy case that was "interconnected" and fell within the attorneys' fees provision of the Joint Venture Agreements.

After the hearing, the court adopted its tentative ruling and entered judgment under §§ 523(a)(4) and (a)(6). The court divided the judgment into three parts. First, it held that the entire amount of the State Court Judgment ($382,475.38 plus post-judgment interest) was non-dischargeable under § 523(a)(4).

Second, as to the § 524(a)(6) claim, the bankruptcy court awarded a portion of the State Court Judgment, first calculating the conversion share of the State Court Judgment ($151,687.21), then adding pre- and post-judgment interest, attorneys' fees, and costs. (These amounts total $316,711.44 plus post-judgment interest.)

Third, the bankruptcy court held that the attorneys' fees and costs incurred in both the adversary proceeding and the underlying bankruptcy case, in the full amount claimed by Ms. Bui, were nondischargeable.

Ms. Nguyen timely appealed.

9

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

(1) Whether the bankruptcy court erred in its damages calculation.

(2) Whether the bankruptcy court erred in awarding Ms. Bui attorneys' fees for all bankruptcy-related matters.

## STANDARDS OF REVIEW

The question of dischargeability of a debt is a mixed question of fact and law that this Panel reviews de novo. *See Miller v. United States*, 363 F.3d 999, 1004 (9th Cir. 2004). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

However, we review factual questions – such as the bankruptcy court's calculation of damages – for clear error. *Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002); *see also Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 792 (9th Cir. 1997) (approving of dischargeability determinations that "dictate de novo review of legal conclusions and clear error review of factual findings"). Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). If two views of the evidence are possible, the court's choice between them cannot be clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

10

"We will not disturb a bankruptcy court's award of attorneys' fees unless the bankruptcy court abused its discretion or erroneously applied the law." *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004) (citation omitted). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 (9th Cir. 2009) (en banc). However, if the propriety of a fee award depends on contractual interpretation or questions of state law, we review that ruling de novo. *FDIC v. Lugli*, 813 F.2d 1030, 1034 (9th Cir. 1987).

## DISCUSSION

## A. The bankruptcy court did not err in calculating damages under §§ 523(a)(4) and (a)(6).

Ms. Nguyen argues that the bankruptcy court erred in affording the State Court Judgment issue preclusive effect as to damages under both §§ 523(a)(4) and (a)(6). She contends that the issues litigated in the superior court action were not the same as those raised in the adversary proceeding. She claims that "[t]hey concerned different joint ventures relating to different properties and different wrongs." In particular, she contends that the superior court action concerned her "failure to timely sell the Forbes

11

Property under the [Forbes Agreement][,]" whereas the adversary proceeding "concerned Ms. Nguyen's misappropriation of the sale proceeds from the Downing Property under the [Downing Agreement]." She maintains that damages under the Downing Agreement were not essential to the superior court's award concerning the Forbes Property. This contention mischaracterizes the superior court's decision and misunderstands the scope of this appeal.

It misstates the superior court's decision because that court did consider both properties. Ms. Bui's motion for partial summary judgment dealt with both agreements. She requested judgment for $180,000 for the default under the Downing Agreement, and an additional $150,000 for default under the Forbes Agreement. The superior court granted summary judgment and awarded judgment in the amount of $330,000, stating that "Plaintiff alleges Defendant sold one of their joint venture properties without permission and has done nothing to try to sell the other, as they agreed." There is no doubt that the superior court adjudicated damages for both Joint Venture Agreements.

Ms. Nguyen's argument also ignores the fact that, in this appeal, she does not challenge the bankruptcy court's determination of liability and instead attacks only its computation of damages. She argues that the issues before the bankruptcy court and the superior court were not identical. This is true, but only insofar as liability is concerned. The bankruptcy court had to decide whether Ms. Nguyen's debt to Ms. Bui was for embezzlement or

fiduciary defalcation under § 523(a)(4) or willful and malicious injury under § 523(a)(6). In contrast, the superior court decided claims for breach of contract and partnership accounting. But this is of no moment, because Ms. Nguyen does not challenge the bankruptcy court's finding of liability. Rather, she is only contesting the calculation of damages.

The bankruptcy court did not abuse its discretion when it decided to adopt (or to award damages "in parallel with") the superior court's determination of Ms. Bui's loss. The superior court found, and Ms. Nguyen does not deny, that Ms. Bui's loss consisted of her outstanding investment in the Downing Property and the Forbes Property ($330,000) minus the net sale proceeds of the Forbes Property that the superior court disbursed to her, plus pre- and post-judgment interest, attorneys' fees, and costs. The bankruptcy court reasonably attributed the entire loss to Ms. Nguyen's diversion of the sale proceeds of the Downing Property and her utter failure to carry out her fiduciary duty to renovate and sell the Forbes Property. The court did not err when it determined that the loss Ms. Bui suffered as the result of Ms. Nguyen's embezzlement and fiduciary defalcation was the same as the total loss caused by the breach of the Joint Venture Agreements, which the superior court found was $330,000. *See Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 275 (2013) ("'Defalcation' . . . can encompass a breach of fiduciary obligation that involves neither conversion, nor taking and carrying away another's property, nor falsity."); *Liberty Mut. Ins. Co. v. Ward (In re Ward)*, 578 B.R. 541, 551 (Bankr. E.D. Va.

13

2017) (holding that debtor's failure to carry out his duties as trustee of a trust amounted to "defalcation"); *Plikaytis v. Roth (In re Roth)*, 518 B.R. 63, 73 (S.D. Cal. 2014) (holding that breach of fiduciary duty in management of a business satisfies defalcation under § 523(a)(4)), *aff'd*, 662 F. App'x 540 (9th Cir. 2016).

**B.    The bankruptcy court did not err in awarding attorneys' fees.**

Ms. Nguyen also contends that the bankruptcy court erred in awarding Ms. Bui attorneys' fees and costs for work not related to the adversary proceeding. We disagree.

When a bankruptcy court addresses state law claims, state law governs the parties' right to attorneys' fees. *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). Under Washington law, "[a]n award of attorney fees based on a contractual provision is appropriate when the action arose out of the contract and the contract is central to the dispute. In an action to enforce or defend a contract that includes an attorney fee provision, the prevailing party may recover attorney fees and costs under RCW 4.84.330." *Mehlenbacher v. DeMont*, 11 P.3d 871, 874 (Wash. App. 2000) (citation omitted); *see* Wash. Rev. Code § 4.84.330.

Here, the Joint Venture Agreements contained an attorneys' fees provision: "In the event that litigation arises out of this Agreement or the performance thereof, the prevailing party shall be entitled to court costs and reasonable attorneys' fees."

Ms. Nguyen argues that the bankruptcy court erred in approving all

of Ms. Bui's fees, because some of the tasks her attorney performed did not concern "litigation aris[ing] out of [the Joint Venture Agreements] or the performance thereof." We agree with the bankruptcy court that all of the work performed by Ms. Bui's counsel is covered by the fee provisions and Washington law. Washington law allows the recovery of attorneys' fees for work "inextricably intertwined" with a claim involving a contractual provision permitting attorneys' fees. *See Mehlenbacher*, 11 P.3d at 875. Stated another way, the work done in the main bankruptcy case was inextricably intertwined with the adversary proceeding arising out of the Joint Venture Agreements, because, as the bankruptcy court found, "[v]irtually all of the effort related in some manner or other to the fact that a breach of trust and embezzlement had occurred." It noted the immense time and expense expended by Ms. Bui's counsel and found that it was a "complicated matter" and that fees could not be "separately attributable strictly to §§ 523(a)(4) and (6) . . . ." The bankruptcy court is in the best position to determine whether work is necessary for a particular issue. We will not second-guess the bankruptcy court's findings.

Ms. Nguyen claims that Ms. Bui cannot recover fees for the pending objections to exemptions because she has not yet prevailed on those objections. (They are currently scheduled to be tried in December 2024.) We disagree. Under Washington law:

> The prevailing party is generally the one who receives an affirmative judgment in its favor. When neither party wholly

prevails, the court should award fees to the substantially prevailing party, and the identity of the substantially prevailing party depends on the extent of the relief afforded the parties.

*McLelland v. Paxton*, 453 P.3d 1, 23 (Wash. App. 2019) (citation omitted). "A prevailing party need not succeed on its entire claim to qualify for attorney fees, but it must substantially prevail in order to be entitled to such an award." *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 285 P.3d 70, 78 (Wash. App. 2012). In this case, Ms. Bui is the substantially (if not wholly) prevailing party, as the nondischargeability action comprised the overwhelming portion of the dispute, and Ms. Bui has obtained judgment in her favor.

## CONCLUSION

The bankruptcy court did not abuse its discretion in awarding Ms. Bui damages and attorneys' fees. We AFFIRM.